COMMONWEALTH OF KENTUCKY
CIRCUIT COURT OF JEFFERSON COUNTY
DIVISION 12
CIVIL ACTION NO. 14-CI-04904

Chris Meinhart, Administrator of the Estate of                              PLAINTIFF
Clydia Sue Yeary, Deceased

v.

GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter-Hillcreek;        DEFENDANT

## ANSWER

Defendant, GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter – Hillcreek (hereinafter "GLC-Hillcreek"), for its Answer to Plaintiff's Complaint states:

### FIRST DEFENSE

1. Upon information and belief, GLC-Hillcreek admits the allegations contained in Paragraph 1 of the Complaint.

2. GLC-Hillcreek is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, they are deemed denied.

3. The allegations contained in Paragraph 3 of the Complaint are legal conclusions that require no response. However, to the extent such a response is required, GLC-Hillcreek is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, they are deemed denied.

4. In response to the allegations in Paragraph 4, GLC-Hillcreek admits that GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter-Hillcreek is a Delaware limited liability

6374513v.1

company and that it is a licensed, long-term care facility operating in the state of Kentucky in accordance with the statutes and regulations applicable to long-term care facilities operating in this state.

5. In response to the allegations in Paragraph 5, GLC-Hillcreek admits that GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter-Hillcreek is a licensed, long-term care facility operating in the state of Kentucky in accordance with the statutes and regulations applicable to long-term care facilities operating in this state and it is located at 3116 Breckenridge Lane, Louisville, KY 40220. Any remaining allegations in Paragraph 5 are denied.

6. In response to the allegations in Paragraph 6 of the Complaint, GLC-Hillcreek admits that Clydia Yeary was a resident at Golden LivingCenter – Hillcreek for certain periods of time and that her medical records speak for themselves. To the extent that Paragraph 6 alleges duties or responsibilities beyond those imposed by applicable law or that such duties or responsibilities were breached, GLC-Hillcreek denies such allegations.

7. The allegations in Paragraph 7 of the Complaint are legal conclusions that require no response. However, to the extent a response is required, GLC-Hillcreek denies such allegations.

8. The allegations in Paragraph 8 of the Complaint are legal conclusions that require no response. However, to the extent a response is required, GLC-Hillcreek denies such allegations.

9. The allegations in Paragraph 9 of the Complaint are legal conclusions that require no response. However, to the extent a response is required, GLC-Hillcreek denies such allegations.

10. The allegations in Paragraph 10 of the Complaint are legal conclusions that require no response. However, to the extent a response is required, GLC-Hillcreek denies such allegations.

11. GLC-Hillcreek denies the allegations contained in Paragraph 11 of the Complaint.

12. GLC-Hillcreek denies the allegations contained in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, GLC-Hillcreek admits that Plaintiff is seeking damages that exceed the minimum jurisdiction of the Jefferson Circuit Court but denies that Plaintiff is entitled to damages.

14. Any and all allegations contained in the Complaint not specifically admitted above by GLC-Hillcreek are hereby denied.

## SECOND DEFENSE

15. Plaintiff's Complaint fails, in whole or in part, to state a claim against GLC-Hillcreek for which relief can be granted.

## THIRD DEFENSE

16. Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any, were caused by the acts, omissions and/or active primary negligence and/or intentional conduct and/or the intervening and superseding negligence and/or intentional conduct of persons or entities other than GLC-Hillcreek and such negligence or intentional acts by such person or entities preclude any liability of GLC-Hillcreek.

## FOURTH DEFENSE

17. Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any occurred, were caused in whole or in part by the primary, active, superseding, intervening negligence and/or intentional acts of Plaintiff's decedent and/or persons or entities

other than GLC-Hillcreek for which GLC-Hillcreek has no liability or responsibility and which were the proximate cause and/or a substantial factor in causing said injuries and damages, if any, and the Plaintiff's claims against GLC-Hillcreek are, therefore, barred or should be reduced in proportion to the fault attributable to persons other than GLC-Hillcreek.

### FIFTH DEFENSE

18. Plaintiff's claim for punitive damages is barred by the provisions of KRS § 411.184 and the prohibition against excessive fines contained in the 8th Amendment to the United States Constitution, by the Due Process Clause of the 14th Amendment to the United States Constitution, as well as §§ 2 and 14 of the Kentucky Constitution. The substantive proof of, and the procedures set out in Kentucky's punitive damages system, violate the Due Process Clause of the 14th Amendment of the United States Constitution and provisions of the Kentucky Constitution.

### SIXTH DEFENSE

19. Pending discovery, the Complaint is barred, in whole or in part, by applicable statutes of limitation including but not limited to KRS § 413.140 or the equitable doctrine of laches.

### SEVENTH DEFENSE

20. Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any are found, were caused in whole or in part by Plaintiff and/or the Plaintiff's decedent's contributory and/or comparative negligence by reason of failure to use the degree of care that would have been used by an ordinary, reasonable and prudent person under the same or similar circumstances. Any damages to which the Plaintiff may be found to be entitled are barred and should be reduced in proportion to the amount of fault attributable to the Plaintiff and/or the

6374513v.1

Plaintiff's decedent. The negligence of the Plaintiff and/or the Plaintiff's decedent proximately caused, contributed to, and was a substantial factor in causing the injuries and damages, if any, alleged in the Complaint.

### EIGHTH DEFENSE

21. GLC-Hillcreek's conduct was not the proximate cause or a substantial factor in causing any of the injuries or damage, if any occurred, alleged by the Plaintiff.

### NINTH DEFENSE

22. Plaintiff has failed to plead special damages, if any, with specificity as required by Rule 9 of the Kentucky Rules of Civil Procedure and any claims for special damages are therefore barred.

### TENTH DEFENSE

23. GLC-Hillcreek reserves all defenses related to insufficiency of process or service of process.

### ELEVENTH DEFENSE

24. To the extent that there exists any person or entity who has paid any amounts to or for the benefit of Plaintiff or Plaintiff's decedent on account of events or injuries or damages alleged in the Complaint and who have not been properly notified of their subrogation rights, Plaintiff has failed to comply with KRS § 411.188 and the Complaint is barred. Alternatively, Plaintiff is precluded from recovery of amounts which are the subject of subrogation rights. Moreover, to the extent such person or entity exists, Plaintiff is not the real party in interest to the extent of any such payment.

## TWELFTH DEFENSE

25. Plaintiff's decedent did not suffer any infliction of injury, sexual abuse, unreasonable confinement, intimidation or punishment nor did Plaintiff's decedent suffer any deprivation of resources or services for purposes of KRS § 209 *et seq.*

## THIRTEENTH DEFENSE

26. Plaintiff lacks standing to bring a claim under KRS § 216 *et seq.*

## FOURTEENTH DEFENSE

27. GLC-Hillcreek reserves the right to supplement this Answer and plead any and all additional defenses and affirmative defenses that arise during the course of the litigation.

**WHEREFORE**, GLC-Hillcreek respectfully demands that:

1. Plaintiff's claims be dismissed with prejudice and the Plaintiff take nothing thereby;

2. GLC-Hillcreek be awarded costs and expenses incurred in defending this action, including attorneys' fees, where permitted by law; and

3. Any and all other relief in law or equity.

6374513v.1

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

Marcia L. Pearson
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
502.238.8500
502.238.7995 - fax

*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on October 20th, 2014, I served a copy of the foregoing via regular mail to the following:

Mat A. Slechter
Slechter Law Firm, PLLC
2507 Bush Ridge Drive, Suite A
Louisville, Kentucky 40245
*Counsel for Plaintiff*

*Counsel for Defendant*

6374513v.1